[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 03-12723

_____

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
July 29, 2004
THOMAS K. KAHN
CLERK

D.C. Docket No. 02-61752-CV-ASG


GLOBAL SATELLITE COMMUNICATION CO.,
d.b.a. Group GSC, a Florida corporation,

                                        Plaintiff-Counter-
                                        Defendant-Appellee,

        versus

STARMILL U.K. LIMITED, a foreign corporation,

                                        Defendant-Counter-
                                        Claimant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(July 29, 2004)**

Before BIRCH, KRAVITCH and OAKES[*], Circuit Judges.

_____

[*]Honorable James L. Oakes, United States Circuit Judge for the Second Circuit, sitting by
designation.

OAKES, Circuit Judge:

Defendant-appellant Starmill U.K. Limited ("Starmill") appeals from the April 22, 2003, order of Alan S. Gold, United States District Judge for the Southern District of Florida, remanding this breach of contract action to the Florida state court from which it had been removed. We reverse the order and remand to the district court for further proceedings.

## I.

Plaintiff-appellee Global Satellite Communication Co. ("Global Satellite"), a Florida corporation, filed suit in the Florida Circuit Court of the Seventeenth Judicial Circuit, Broward County, for breach of a contract involving cellular telephones ordered by Starmill. Starmill, incorporated under the laws of England and Wales with its principal place of business in London, filed notice of removal on grounds of diversity jurisdiction in the courthouse for the United States District Court in Fort Lauderdale, Florida, in Broward County. The case was assigned to Judge Gold, who maintains chambers at the federal courthouse in Miami, Florida, in Dade County. Global moved to remand the action, and Judge Gold granted the motion, holding that the forum selection clause in the parties' contract mandated venue in state court in Broward County, and that defendants had contractually waived their removal rights.

2

II.

We have jurisdiction to review the instant remand order. Snapper, Inc. v. Redan, 171 F.3d 1249, 1260 (11th Cir. 1999) (28 U.S.C. § 1447(d) does not bar review of remand order based upon a forum selection clause); Florida Polk County v. Prison Health Servs., Inc., 170 F.3d 1081, 1083 (11th Cir. 1999) (same). We review the construction of a written contract de novo. Nat'l Fire Ins. Co. of Hartford v. Fortune Constr. Co., 320 F.3d 1260, 1267 (11th Cir. 2003). "[I]n the context of removal based solely on diversity jurisdiction, ordinary contract principles govern a contractual waiver" of removal. Snapper, 171 F.3d at 1261 (footnote omitted). However, when ordinary contract principles fail to elucidate a single reasonable interpretation for an ambiguous provision, and instead the provision is "'subject to opposing, yet reasonable interpretation, an interpretation is preferred which operates more strongly against the party from whom the words proceeded.'" Citro Florida, Inc. v. Citrovale, S.A., 760 F.2d 1231, 1232 (11th Cir. 1985) (per curiam) (quoting Zapata Marine Serv. v. O/Y Finnlines, Ltd., 571 F.2d 208, 209 (5th Cir. 1978).

The relevant portion of the contract between Global Satellite and Starmill, Section 18, entitled "Governing Law," states:

This Agreement shall be construed and enforced in accordance

3

with the laws of the United States of America.  Venue shall be in Broward County, Florida.  In the event of litigation, the prevailing party shall be entitled to reasonable attorney's fees both at the trial and appellate levels.  The parties to this agreement herein expressly waive the right to contest any issues regarding venue or in personam jurisdiction and agree in the event of litigation to submit to the jurisdiction of Broward County, Florida.

A defendant's right to remove an action against it from state to federal court "is purely statutory and therefore its scope and the terms of its availability are entirely dependent on the will of Congress."  14B Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, Federal Practice and Procedure § 3721, pp. 285-86 (3d ed. 1998).  The federal general removal statute, 28 U.S.C. § 1441, permits removal of certain actions from state court "to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a) (2003).  Section 1441(a), and not the ordinary federal venue statute, 28 U.S.C. § 1391, governs venue in removed cases.  See Polizzi v. Cowles Magazines, Inc. 345 U.S. 663, 665-66 (1953) ("even on the question of venue, § 1391 has no application to this case because this is a removed action. . . .

Section 1441(a) expressly provides that the proper venue of a removed action is 'the district court of the United States for the district and division embracing the place where such action is pending.'"); Peterson v. BMI Refractories, 124 F.3d 1386, 1392-94 (11th Cir. 1997) (following Polizzi's holding that § 1441(a) is a venue provision). Defendants are also instructed to file notice of removal in that venue. 28 U.S.C. § 1446(a) (2003) (a defendant "shall file in the district court of the United States for the district and division within which such action is pending").

Broward County is one of nine counties comprised in the Southern District of Florida. 28 U.S.C. § 89(c) (2003) (listing counties of "Broward, Dade, Highlands, Indian River, Martin, Monroe, Okeechobee, Palm Beach and Saint Lucie."). The district courts for the Southern District of Florida are located in the cities of Fort Lauderdale (in Broward County), Fort Pierce (in Saint Lucie County), Key West (in Monroe County), Miami (in Dade County), and West Palm Beach (in Palm Beach County). See id. The Local Rules for the Southern District of Florida subdivide the district and provide for assignment of cases:

> The District is divided into five Divisions: the Fort Pierce Division
> (Highlands, Indian River, Martin, Okeechobee and St. Lucie
> Counties); the West Palm Beach Division (Palm Beach County); the

Fort Lauderdale Division (Broward County); the Miami Division (Miami-Dade County); and the Key West Division (Monroe County). Cases are assigned by the Automated Case Assignment System to provide for blind, random assignment of cases and to equitably distribute the District's case load. Each Judge in the District has chambers in one of three Divisions (Miami, Fort Lauderdale or West Palm Beach). A Judge with chambers in one Division may be assigned a case with venue in another Division. Once the case has been assigned, all papers required to be served on a party shall be filed with the clerk where the assigned Judge is chambered (even if different from the Division in which venue is located) pursuant to Local General Rule 5.1.B.

Local Rule 3.4.D of the United States District Court for the Southern District of Florida.

The Local Rules state where each county's actions and proceedings will be tried: "Broward County actions and proceedings shall be tried at Fort Lauderdale, Florida." Local Rule 3.1.E. The Rules also state the circumstances in which a district court judge may effectively order a transfer of venue: "Notwithstanding the foregoing, any civil or criminal proceeding or trial may upon Order of Court, in

6

the interest of justice, the status of the docket, or to assure compliance with requirements imposed under the Speedy Trial Act, be conducted at any jury division within the district." Local Rule 3.1.H. The Rules do not otherwise refer to the considerations relevant to a sua sponte order transferring venue.

Turning to the contract provision at issue here, we note that courts frequently classify forum selection clauses as either permissive or mandatory. A permissive clause authorizes jurisdiction in a designated forum but does not prohibit litigation elsewhere. A mandatory clause, in contrast, "dictates an exclusive forum for litigation under the contract." Snapper, 171 F.3d at 1262 n.24 (noting the permissive/mandatory distinction, its relevance in certain situations, and, although federal law does not make such labels decisive, finding the provision at issue mandated submission to choice of forum). Furthermore, a forum selection clause may constitute a waiver of a defendant's right to remove an action to federal court. This circuit has held that the determination of whether such a clause constitutes a waiver, in the context of removal based solely on diversity jurisdiction, is to be determined according to ordinary contract principles, and need not meet the higher threshold of a "clear and unequivocal" waiver that has otherwise applied to litigation-based waivers. Id. at 1260.

The contract provision, "Venue shall be in Broward County," because it

uses the imperative "shall," is most reasonably interpreted to mandate venue in Broward County, and Broward County alone. The provision, however, does not designate any particular forum, such that a suit either in the Seventeenth Judicial District of Florida, or in the Fort Lauderdale Division of the Southern District of Florida, both of which are located in Broward County, would satisfy the venue requirement.

Appellee Global Satellite argues that the fact that an action removed from Broward County state court could potentially be moved to a district court sitting outside of Broward County warrants interpreting the clause to forbid removal. While Local Rule 3.1.H appears to grant district judges wide latitude in their ability to effectively order a transfer of venue from one division to another, the Rules do not by their own operation make certainty of venue in a particular division impossible. Presumably, the § 1441(a) statutory provision for removal venue, any contractual provision mandating a particular locality for venue, and the circumstances normally warranting change of venue described in § 1404,[1] are all

---

[1]28 U.S.C. § 1404 (2003) applies to cases both originally filed and removed to district court and provides in relevant part:

> (a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.
> (b) Upon motion, consent or stipulation of all parties, any action, suit or proceeding of a civil nature or any motion or hearing thereof, may be transferred, in the discretion of the court, from the division in which pending

considerations that a district judge would take into account in determining whether a Broward County action should be conducted in a particular division. In the instant case, the district court, prior to deciding the pending remand motion, issued its scheduling order of January 28, 2003, ordering that "trial and all other proceedings shall be conducted" at the Miami federal courthouse. While we are not presented with a challenge to venue in the Miami division, we note that the parties, if they object to the Miami venue (as a matter of contract or otherwise), will be free to raise the issue or make appropriate motions when jurisdiction is returned to the district court on remand.[2]

Turning to the remainder of the forum selection clause, the next sentence reads, "The parties to this agreement herein expressly waive the right to contest any issues regarding venue or in personam jurisdiction and agree in the event of litigation to submit to the jurisdiction of Broward County, Florida." The express waiver is clearly limited to issues regarding venue or in personam jurisdiction, and

to any other division in the same district. [...].
(c) A district court may order any civil action to be tried at any place within the division in which it is pending.
(d) [...].

[2]We note that counsel for Starmill stated in its Memorandum of Law in support of its Response in Opposition to Plaintiff/Counter-defendant's Motion to Remand, filed January 21, 2003, that if the district court "feels it is appropriate to do so, Starmill would not object to a reassignment of this case to a federal judge sitting in Broward County, Florida."

does not encompass the statutory right to remove. This is unlike the broader provision in Snapper, whereby the signatory, by "expressly waiving whatever rights may correspond to it by reason of its present or future domicile," 171 F.3d at 1260 (emphasis added), was held to have waived the right to removal, which is a right based on domicile. Id. at 1262.

Global Satellite argues that the second part of the sentence, where the parties "agree in the event of litigation to submit to the jurisdiction of Broward County, Florida," somehow broadens the immediately preceding waiver of the right to contest venue and in personam jurisdiction, and urges us to accept the district court's interpretation that "[s]ubmitting to the 'jurisdiction' of Broward County does not refer to proceeding with litigation in federal district court. Removal waiver is the most obvious, if not the only, candidate that might be covered by this clause." Judge Gold's Order Granting Motion to Remand at 5, Global Satellite Comm. Co. v. Starmill U.K. Ltd., No. 02-61752-CIV, filed April 22, 2003, Docket Entry No. 27. However, we find the phrase "submit to the jurisdiction of Broward County, Florida," to be vague and imprecise. It fails to specify what kind of jurisdiction it is referring to, whether it be in personam or territorial; and even if we were to assume it refers to jurisdiction exercised by a forum, because it names only a geographical unit, host to several forums, we can

10

only guess which of these it intended to designate. The phrase is simply ambiguous, it lends itself to several possible reasonable interpretations, and rather than strain to find that one should prevail over another, we must simply construe it against Global Satellite, the drafter. See Citro Florida, 760 F.2d at 1232. If Global Satellite intended to permit suit only in the state courts of Florida located in Broward County, as it claims, it could easily have stated that intention precisely.

## III.

We hereby reverse the district court's order granting Global Satellite's motion and remanding the case to the Florida Circuit Court of the 17th Judicial Circuit, and remand for further proceedings in the district court.


REVERSED and REMANDED.