[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

No. 05-10269
Non-Argument Calendar

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
June 23, 2005
THOMAS K. KAHN
CLERK

D. C. Docket No. 04-21927-CV-JLK

STATELINE POWER CORP.,
f.k.a. Southeast Diesel Acquisition Sub, Inc.,

Plaintiff-Appellee,

versus

RICHARD KREMER,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Florida

(June 23, 2005)

Before TJOFLAT, HULL and WILSON, Circuit Judges.

PER CURIAM:

The district court remanded this diversity case to state court based on the

forum selection clause of the parties' contract, which states:

> 18. <u>Governing Law</u>. This Agreement and the rights and obligations hereunder shall be governed by the laws of the State of Florida and the parties to this Agreement specifically consent to the jurisdiction of the courts of the State of Florida over any action arising out of or relating to this Agreement.

The non-resident defendant appeals,[1] contending that the remand order misconstrues and therefore misapplies the forum selection clause. We agree.

Contrary to the district court's view, the phrase "the courts of the State of Florida" is ambiguous, potentially including not only state courts but federal courts as well. Plaintiff drafted the agreement; hence, the ambiguity must be resolved in favor of the defendant, <u>Global Satellite Communication Co. V. Starmill U.K. Ltd.</u>, 378 F.3d 1269, 1274 (11th Cir. 2004), so that the phrase includes federal courts, as well as state courts, in Florida.

Alternatively, if the phrase is unambiguous and refers only to Florida's state courts, we must consider an issue the district court failed to address: whether paragraph 18 is a "permissive" or a "mandatory" forum selection clause. <u>Id.</u> At 1272. The paragraph contains no mandatory language to indicate that the parties meant to foreclose litigation anywhere else. Moreover, nothing in the paragraph's

---

[1] We have jurisdiction to review the remand order. <u>Snapper, Inc. V. Redan</u>, 171 F. 3d 1249, 1260 (11th Cir. 1999) (28 U.S.C. § 1447(d) does not bar review of remand order based on a forum selection clause.).

language suggests that the defendant waived his right to remove the case to federal court.  In short, paragraph 18 is permissive.

The district court's remand order is vacated.  The case is returned to the district court for further proceedings.

SO ORDERED.