[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 25, 2006
THOMAS K. KAHN
CLERK

_____

No. 06-11935
Non-Argument Calendar

_____

D. C. Docket No. 05-80759-CV-DTKH

CITY OF WEST PALM BEACH,

Plaintiff-Appellee,

versus

VISIONAIR, INC.,
a North Carolina corporation,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(September 25, 2006)**

Before CARNES, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

VisionAIR, Inc. appeals the district court's order remanding this case to state

court in Palm Beach County, Florida, where it was originally filed. The district court's order was based on its interpretation of the forum selection clause in the parties' contract. The court held that the clause was ambiguous and construed it against VisionAIR, the drafter. VisionAIR contends that the district court erred because the clause is unambiguous and permits suit in both federal and state court.

## I.

The forum selection clause in the parties' contract provides: "This agreement shall be governed by the laws of the State of Florida. All claims concerning the validity, interpretation, or performance of any of its terms and provisions, or any of the rights or obligations of the parties hereto, shall be instituted and prosecuted in Palm Beach County, Florida." Pursuant to this clause, the City of Palm Beach filed an action against VisionAIR in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida. VisionAIR removed the case to federal court on the basis of diversity jurisdiction. The City filed a motion for remand which the district court granted based on this Court's decision in Global Satellite Commc'n Co. v. Starmill U.K. Ltd., 378 F.3d 1269 (11th Cir. 2004). The district court held that, based on Global Satellite, the forum selection clause was ambiguous and construed the clause against VisionAIR, which it found to be the drafter of the clause.

VisionAIR filed a Rule 59(e) motion to reopen the case and for reconsideration in the district court, arguing that the court had misinterpreted Global Satellite. In ruling on that motion, the district court stated that "it may have incorrectly summarized the exact holding of" Global Satellite, but it still rejected VisionAIR's argument. VisionAIR now contends that Global Satellite establishes that the forum selection clause at issue here unambiguously permitted suit in either state or federal court in Palm Beach County, Florida. The City contends that the doctrine of invited error precludes us from reviewing VisionAIR's argument on appeal.

## II.

The district court based its order of remand solely on the parties' forum selection clause. We review the district court's interpretation of the clause de novo. Global Satellite, 378 F.3d at 1271. We review the district court's order denying the Rule 59(e) motion to alter or amend judgment for an abuse of discretion. Am. Home Assurance Co. v. Glenn Estess & Assocs., Inc., 763 F.2d 1237, 1238–39 (11th Cir. 1985). VisionAIR argues that the district court erred when it found the forum selection clause to be ambiguous.[1] The forum

---

[1] We are not convinced by the City's argument that the district court's remand order, which was based on a misreading of Global Satellite, was invited error because VisionAIR initially urged that misreading of Global Satellite on the district court. The doctrine of invited error applies when a party, by its actions, induces the district court to commit error in the course

3

selection clause in the parties' contract provides that "[a]ll claims . . . shall be instituted and prosecuted in Palm Beach County, Florida." This Court considered a substantially similar clause in Global Satellite. That clause stated that "[v]enue shall be in Broward County, Florida." Global Satellite, 378 F.3d at 1271. We held that the clause mandated venue in Broward County but, because it did not specify a forum, the clause permitted venue in either the Seventeenth Judicial Circuit of Florida or the Fort Lauderdale Division of the Southern District of Florida, both of which are located in Broward County. Id. at 1272.

The district court erred in its interpretation of the clause in this case. Under our decision in Global Satellite, which involved substantially similar language, the clause permits venue in either state or federal court, so long as that court is in Palm Beach County. The relevant clause in Global Satellite stated only that "[v]enue

of the proceedings and then uses that error as a basis for reversal on appeal. See, e.g., United States v. Harris, 443 F.3d 822, 823–24 (11th Cir. 2006) (doctrine of invited error precluded review where defendant waived right to a presentence investigation report and then argued on appeal that he had a right to one); United States v. Baker, 432 F.3d 1189, 1215–16 (11th Cir. 2005) (doctrine of invited error precluded review of claim that admission of testimony violated the hearsay rule and Confrontation Clause where the party's counsel elicited that testimony at trial); Farley v. Nationwide Mut. Ins. Co., 197 F.3d 1322, 1331 (11th Cir. 1999) (the Court "will not find that a particular instruction constitutes plain error if the objecting party invited the alleged error by requesting the substance of the instruction given."). In this case VisionAIR did advocate the same erroneous reading of Global Satellite which it now contends that the district court erred in adopting. However, VisionAIR also made alternative arguments that the clause at issue here does not unambiguously waive the defendant's right of removal and, therefore, permits suit in either state or federal court. The doctrine of invited error does not preclude parties from making alternative arguments. Therefore, we will review the district court's interpretation of the clause.

shall be in Broward County, Florida," while the clause here states that "[a]ll claims . . . shall be instituted and prosecuted in Palm Beach County, Florida."[2]  The City argues that the phrase "instituted and prosecuted" differentiates this clause from the clause in Global Satellite.  We disagree.  This phrase indicates only that litigation must be "instituted and prosecuted" in either a state or federal forum, so long as that forum is in Palm Beach County.

The City further contends that even if the contractual provision permits suit in either a state or federal forum, we must affirm the district court's remand order because the federal courthouse in Palm Beach County was closed for construction and no trials were being held there as of the time when VisionAIR filed its reply memorandum in support of its Rule 59(e) motion.  The City argues that because VisionAIR admitted the temporary closure of the courthouse in its reply memorandum, that condition is presumed to continue to exist absent contrary evidence.  Because a trial could not be held in federal court in Palm Beach County, the City argues the case must be remanded to state court.

The City's argument lacks merit.  The last orders entered in this case were

_____

[2]In Global Satellite the Court also addressed a second clause in the parties' contract provision which stated that "[t]he parties . . . agree in the event of litigation to submit to the jurisdiction of Broward County, Florida."  Id. at 1271. The Court held that this second clause was ambiguous as to which forum it intended to designate, and construed the clause against the drafter.  Id. at 1274.  In its order of remand in this case the district court failed to distinguish between the two clauses at issue in Global Satellite.  Our decision here turns on our interpretation of the first clause in Global Satellite.

marked: "DONE and SIGNED in chambers at West Palm Beach, Florida." We take judicial notice that West Palm Beach, Florida is within Palm Beach County. Up to this point, the litigation has proceeded "in Palm Beach County, Florida." We decline to remand this case in contravention of the express language of the parties' contractual provision when the litigation has proceeded in an appropriate forum. See Global Satellite, 378 F.3d at 1273 (rejecting the argument that district court's local rule which could potentially permit trial outside of the specified county warranted interpreting the clause to forbid removal).

### III.

Accordingly, the district court's grant of the City's motion to remand is **REVERSED** and the case is **REMANDED** to the district court for further proceedings consistent with this opinion.