[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-14242
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 2, 2012
JOHN LEY
CLERK

D.C. Docket No. 3:11-cv-00191-RBD-TEM


JAMES C. CORNETT,
ROBIN YOUNG,
CORNETT'S SPIRIT OF THE SUWANNEE, INC.,
a Florida Corporation,

Plaintiffs - Counter
Defendants - Appellees,

versus

CHARLES RAY CARRITHERS,
ROY MICHAEL CARRITHERS,
PAUL R. CARRITHERS,
individually and as co-administrators of
the Estate of Charles M. Carrithers, deceased,
PAUL R. CARRITHERS,
as Trustee of The Belmont Revocable
Living Trust,
BUSHNELL CAPITAL CORPORATION,

Defendants - Counter
Claimants - Appellants.

Appeal from the United States District Court
for the Middle District of Florida

_____

(March 2, 2012)

Before HULL, MARCUS and BLACK, Circuit Judges.

PER CURIAM:

Defendants-Appellants Charles Ray Carrithers, Roy Michael Carrithers, Paul R. Carrithers, and Bushnell Capital Corporation (collectively, "the Carrithers") appeal from the district court's remand of a state court contract action that the district court found was improvidently removed in light of the contract's forum selection clause. On appeal, the Carrithers argue that: (1) the district court erred in construing the forum selection clause as prohibiting them from removing the case to federal court; (2) alternatively, the plaintiffs waived the enforcement of the forum selection clause; and (3) alternatively, because the plaintiffs breached the contract containing the forum selection clause, they should be estopped from invoking performance of the clause. After careful review, we affirm.

We review a district court's construction of a forum selection clause de novo. Slater v. Energy Servs. Group Int'l, Inc., 634 F.3d 1326, 1329 (11th Cir. 2011).

The relevant facts and procedural history are these. Plaintiffs-Appellees James C. Cornett, Robin Young, and Cornett's Spirit of the Suwanee, Inc. (collectively, "Cornett") filed a complaint against the Carrithers in the Circuit Court for the Third Judicial Circuit, in and for Suwannee County, Florida, seeking, <u>inter alia</u>, specific performance and breach of contract damages for an alleged breach of a multiparty Mediation Settlement Agreement ("MSA") executed by all parties to this case. The Carrithers filed a notice of removal in the United States District Court for the Middle District of Florida pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. Cornett then filed a motion to remand the case back to the Suwanee Circuit Court, and the district court granted the motion based on the language of the MSA's forum selection clause. The MSA's forum selection clause provides that:

> [t]he Parties agree that the laws of Florida shall govern any dispute regarding the terms of this settlement and the venue shall be Suwannee County[,] Florida. In the event any legal action is brought to enforce the terms of this Settlement Agreement, the prevailing party(s) shall be entitled to recover its attorney's fees and costs from the defaulting party(s).

A timely appeal of the order remanding the matter back to the Suwanee Circuit Court follows.

To begin, the construction of forum selection clauses by federal courts is a matter of federal common law, not state law of the state in which the federal court

3

sits.  P & S Bus. Machs., Inc. v. Canon USA, Inc., 331 F.3d 804, 807 (11th Cir. 2003)

(citing Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 28-29 (1988)).  Under federal

common law, forum selection clauses are to be interpreted by reference to "ordinary

contract principles."  Snapper, Inc. v. Redan, 171 F.3d 1249, 1261 (11th Cir. 1999).

Moreover, we have found forum selection clauses to be "presumptively valid" and

will enforce them absent evidence of fraud, overreaching or similar inequitable

conduct.  Rucker v. Oasis Legal Finance, LLC, 632 F.3d 1231, 1236 (11th Cir.2011)

(quoting Krenkel v. Kerzner Int'l Hotels Ltd., 579 F.3d 1279, 1281 (11th Cir. 2009)).

Thus, a forum selection clause will only "be invalidated when: (1) its formation was

induced by fraud or overreaching; (2) the plaintiff would be deprived of its day in

court because of inconvenience or unfairness; (3) the chosen law would deprive the

plaintiff of a remedy; or (4) enforcement of the clause would contravene public

policy."  Slater, 634 F.3d at 1331 (quoting Krenkel, 579 F.3d at 1281).  The burden

is on the party resisting the enforcement of a forum selection clause to establish fraud

or inequitable conduct sufficient to bar enforcement of the clause.  Rucker, 632 F.3d

at 1236.

A forum selection clause may be either "mandatory" or "permissive" in nature.

Global Satellite Commc'n Co. v. Starmill U.K. Ltd., 378 F.3d 1269, 1272 (11th Cir.

2004).  A mandatory clause prescribes a specific forum in which litigation regarding

4

the contracted-to subject matter must be brought; a permissive clause, by contrast, identifies a forum in which such litigation permissibly may be brought, but on a non-exclusive basis. Id.; Snapper, 171 F.3d at 1262 n.24. One hallmark of a mandatory clause is the use of the imperative term "shall," which prescribes a "requirement." Slater, 634 F.3d at 1330 (citing Global Satellite, 378 F.3d at 1272).

In Global Satellite, the forum selection clause provided that "[v]enue shall be in Broward County, Florida." 378 F.3d at 1272. We determined that this contract provision, "because it uses the imperative 'shall,' is most reasonably interpreted to mandate venue in Broward County, and Broward County alone." Id. Based on this language, we concluded that the provision did "not designate any particular forum," because "a suit either in the Seventeenth Judicial District of Florida, or in the Fort Lauderdale Division of the Southern District of Florida, both of which are located in Broward County, would satisfy the venue requirement." Id.

Here, the district court did not err in concluding that the MSA's forum selection clause foreclosed removal of the state court action to the United States District Court for the Middle District of Florida, Jacksonville Division. As noted, the clause provided that "the venue shall be Suwannee County[,] Florida." The parties do not dispute that this clause, which uses the term "shall," is mandatory; rather, the Carrithers argue that there is ambiguity as to whether the clause mandates Suwannee

5

County's state or federal courts. However, while Suwannee County, Florida, lies within the geographic region served by the Jacksonville Division of the Middle District, there is no federal court situated in Suwannee County, Florida. See M.D. Fla. R. 1.02(b)(1). Under our clearly applicable reasoning in Global Satellite, because the only court situated in Suwannee County, Florida is the Circuit Court for the Third Judicial Circuit, the MSA's forum selection clause did in fact designate that court as the particular forum in which the parties must bring suit. By the same token, removal of the action to the United States District Court for the Middle District of Florida, Jacksonville Division, located outside of Suwannee County, Florida, would not satisfy the venue requirement. Thus, the district court did not err in remanding the case to Suwannee County state court.[1]

We find no merit in the Carrithers's arguments to the contrary. First, they argue at length that the district court ignored other decisions of the U.S. District Court for the Middle District of Florida that have "routinely held" that forum selection clauses similar to the one at issue do not preclude litigation in the federal court that encompasses the county identified in the clause. However, not only did the district court detail the distinctions between those cases and the one at hand, but in any event,

---

[1] Moreover, as the district court noted, the Carrithers did not suggest that enforcement of the forum selection clause would be unreasonable or unjust, or resulted from fraud or overreaching.

the opinions of fellow jurists sitting in the same district court, while instructive, are not binding. Fox v. Acadia State Bank, 937 F.2d 1566, 1570 (11th Cir. 1991) ("A district court is not bound by another district court's decision, or even an opinion by another judge of the same district court, but a district court in this [C]ircuit is bound by this [C]ourt's decisions.").

As for the Carrithers's argument that Cornett waived the venue clause by first seeking to enforce the MSA in a Virginia state court, we are unpersuaded. It is undisputed that Cornett filed, in a Virginia court, a motion to dissolve a previously-entered Virginia injunction, dissolution of which was provided by the MSA. But because only the Virginia court that imposed the Virginia injunction had the authority to dissolve it, we do not agree that the filing of the motion in Virginia could have amounted to a waiver of the MSA's forum selection clause.

We are also unpersuaded by the Carrithers's claim that Cornett should be estopped from seeking enforcement of the MSA's forum selection clause because Cornett breached the MSA first. We simply do not see how the Carrithers's claim that Cornett breached the MSA first must render the forum selection clause in the MSA unenforceable. If that were the case, then the mere pleading of the affirmative defense of "first breach" would render every forum selection clause unenforceable.

Accordingly, we affirm.

**AFFIRMED.**