Thomas **LINDNER**, Plaintiff,

v.

**BISCAYNEAMERICAS ADVISERS L.L.C.**, Defendant.

**CASE NO. 16-23153-CIV-ALTONAGA/O'Sullivan**

United States District Court, S.D. Florida.

Signed October 3, 2016

---

3. Because all of the claims in this action are arbitrable, the Court will dismiss, rather than stay, the action.

W. Steven Adams, Matthew Leonard Jones, Jones & Adams, P.A., Coral Gables, FL, for Plaintiff.

Timothy Dean Henkel, Henkel & Cohen PA, Palmetto Bay, FL, for Defendant.

## ORDER

CECILIA M. ALTONAGA, UNITED STATES DISTRICT JUDGE

**THIS CAUSE** came before the Court upon Defendant, BiscayneAmericas Advis-

ers L.L.C.'s ("Defendant['s]") Motion to Dismiss ... ("Motion") [ECF No. 12], filed on August 24, 2016. Plaintiff, Thomas Lindner ("Plaintiff") filed a Response ... ("Response") [ECF No. 18] on September 12, 2016; Defendant filed its Reply ... ("Reply") [ECF No. 22] on September 22, 2016. The Court has carefully reviewed the Complaint [ECF No. 1], the parties' submissions, record, and applicable law.

## I. BACKGROUND

On October 19, 2012, Plaintiff and Defendant entered into a Redemption and Settlement Agreement ("Settlement Agreement"). (*See* Compl. ¶ 7; *see also id.*, Ex. A [ECF No. 1-3]). That same day, Defendant executed a promissory note ("Note") in favor of Plaintiff. (*See id.* ¶¶ 7–8; *see also id.*, Ex. B [ECF No. 1-4]). Pursuant to the terms of the Note, Defendant is required to make payments to Plaintiff every six months, starting on April 19, 2013. (*See id.* ¶¶ 11–12). Defendant failed to make the initial payment, or any subsequent payment thereafter. (*See id.* ¶ 12). On July 20, 2016, Plaintiff initiated the instant lawsuit. Defendant's Motion requests the Complaint be dismissed based on a mandatory venue selection clause in the Settlement Agreement and the Note. (*See generally* Mot.).

## II. LEGAL STANDARD

 When evaluating a motion to dismiss based on *forum non conveniens*, courts must balance "both the convenience of the parties and various public-interest considerations." *Atlantic Marine Constr. Co. v. U.S. Dist. for W. Dist. of Tex.*, —— U.S. ——, 134 S.Ct. 568, 581, 187 L.Ed.2d 487 (2012) (footnote call number omitted). Private interests include the "relative ease of access to sources of proof; availability of compulsory process ... and the cost of

obtaining attendance of willing[ ] witnesses; ... and all other practical problems that make trial of a case easy, expeditious and inexpensive." *Id.* at 581 n. 6 (alterations added) (quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n. 6, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981)). Public interests include "the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; [and] the interest in having the trial of a diversity case in a forum that is at home with the law." *Id.* (alteration in original) (quoting *Piper*, 454 U.S. at 241 n. 6, 102 S.Ct. 252). "The Court must also give some weight to the plaintiffs' choice of forum." *Id.* (citation omitted). "Ordinarily, the district court [ ] weigh[s] the relevant factors and decide[s] whether, on balance, a transfer would serve the convenience and otherwise promote the interest of justice." *Id.* at 581 (alterations added; internal quotation marks and citation omitted).

 Where there is a valid forum selection clause, it should be given "controlling weight in all but the most exceptional cases." *Id.* (internal quotation marks and citation omitted). Accordingly, a plaintiff's choice of forum is given no weight, and the court should only consider the public interest factors, while ignoring the parties' private interests. *See id.* at 582–83.

## III. ANALYSIS [1]

Defendant moves to dismiss the Complaint under 28 U.S.C. section 1404(a), *forum non conveniens*, and Federal Rule of Civil Procedure 12(b)(6). (*See* Mot. 1). The central issue is whether certain provisions in the Settlement Agreement and the Note preclude the case from being heard in this Court. The Settlement Agreement states:

---

1. Defendant requests oral argument on the Motion. (*See* Mot. 1). After review of the par-

ties' submissions, the Court determines oral argument is unnecessary.

Any action or proceeding arising out of or relating to this Agreement . . . must be brought in the courts of the State of Florida, County of Miami-Dade or if, and only if, such courts do not have jurisdiction, in the United States District Court for the Southern District of Florida.

Settlement Agreement § 10(d) (alteration added). Similarly, the Note states:

ANY ACTION OR PROCEEDING ARISING OUT OF OR RELATING TO THIS NOTE MUST BE BROUGHT IN THE COURTS OF THE STATE OF FLORIDA, COUNTY OF MIAMI-DADE OR IF, AND ONLY IF, SUCH COURTS DO NOT HAVE JURISDICTION, IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA.

Note § 5(b) (capitalization in original).

Defendant contends these provisions are mandatory clauses that require Plaintiff to bring his claim in Florida state court rather than federal court. (*See* Mot. 8–11).[2] Plaintiff, by contrast, asserts the clauses are permissive and thus suit in this Court is proper. (*See* Resp. 3–6).

■ At the outset, section 1404(a) is not the proper avenue to enforce these particular venue selection clauses. *See Atlantic Marine*, 134 S.Ct. at 580 ("Instead [of using section 1404(a), section 1406, or Rule 12(b)(3)], the appropriate way to enforce a forum-selection clause pointing to a state or foreign forum is through the doctrine of *forum non conveniens*." (alteration added)).

■ Additionally, while Defendant attacks Plaintiff's allegations regarding venue under Rule 12(b)(6) as conclusory, Defendant fails to support this assertion, instead offering only conclusory argument and citations to general propositions from *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). (*See* Mot. 5–6). Defendant does not include any reference to Rule 12(b)(6) in the argument section of its Motion, does not include any related argument in its Reply, and fails to cite a single case where a court dismissed a complaint under Rule 12(b)(6) for insufficient venue allegations or due to a venue selection clause. Defendant fails to meet its burden to show Plaintiff's allegations are insufficient.[3] Accordingly, the Court analyzes the Motion solely under the doctrine of *forum non conveniens*.[4]

The parties rely primarily on the same cases but disagree as to the conclusions to draw from each. (*Compare* Mot. 8–11, *with* Resp. 3–6). Plaintiff argues *Global Satellite Communication Co. v. Starmill U.K. Limited*, 378 F.3d 1269 (11th Cir.2004), and *Stateline Power Corp. v. Kremer*, 148 Fed.Appx. 770 (11th Cir.2005) (per curiam), concerned venue selection clauses similar to the ones here, and the Eleventh

---

**2.** Plaintiff does not dispute his claim falls within the scope of the venue selection clauses (*see generally* Resp.; *see also* Mot. 7–8), or that the clause is valid (*see generally* Resp.; *see also* Mot. 13–14).

**3.** While the Supreme Court did not rule out the use of Rule 12(b)(6) to dismiss a complaint due to a valid forum selection clause, it also did not find Rule 12(b)(6) to be an appropriate mechanism. *See Atlantic Marine*, 134 S.Ct. at 580. The Court does not decide either

way here, as Defendant fails to meaningfully argue the point.

**4.** Nonetheless, "because both § 1404(a) and the *forum non conveniens* doctrine from which it derives entail the same balancing-of-interests standard, courts should evaluate a forum-selection clause pointing to a nonfederal forum in the same way that they evaluate a forum-selection clause pointing to a federal forum." *Atlantic Marine*, 134 S.Ct. at 580 (citation omitted).

Circuit found venue proper in both the state and federal courts of Florida. (*See* Resp. 5–6). Defendant argues these cases are distinguishable. (*See* Mot. 9–11).

There are two distinct issues for the Court to consider. *See Stateline*, 148 Fed. Appx. at 771 (analyzing independently whether the clause is ambiguous regarding the appropriate venue and whether the clause is mandatory or permissive). First, it must determine whether the clauses envision venue in the Florida state courts only or instead allow for venue in both the state and federal courts. Next, it must determine whether the clauses are mandatory or permissive.

■■■ The first question is what the clauses actually require. Both clauses state any action "must be brought in the courts of the State of Florida, County of Miami-Dade or if, and only if, such courts do not have jurisdiction, in the United States District Court for the Southern District of Florida." (Settlement Agreement § 10(d); *see also* Note § 5(b)). Despite Defendant's citation to contrary cases—from outside this Circuit—the Eleventh Circuit has found the phrase "courts of the State of Florida [ ] ambiguous, potentially including not only state courts but federal courts as well." *Stateline*, 148 Fed.Appx. at 771 (alteration added; internal quotation marks omitted). As stated in *Global*:

> The contract provision, "Venue shall be in Broward County," because it uses the imperative "shall," is most reasonably interpreted to mandate venue in Broward County, and Broward County alone. The provision, however, does not designate any particular forum, such that a suit in either the Seventeenth Judicial District of Florida, or in the Fort Lauderdale Division of the Southern District of Florida, both of which are

located in Broward County, would satisfy the venue requirement.

378 F.3d at 1272.

Here, the clauses require suit in the courts of the State of Florida, potentially encompassing both state and federal courts in Florida. (*See* Settlement Agreement § 10(d); *see also* Note § 5(b)). The addition of the qualifier "County of Miami-Dade" does not alter the analysis, as, similar to *Global*, Miami-Dade County encompasses both the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida and the Miami Division of the United States District Court for the Southern District of Florida.

Defendant next contends the clauses here are distinguishable from the ones in *Global* and *Stateline* because they include the phrase "if, and only if, such courts do not have jurisdiction, in the United States District Court for the Southern District of Florida." (*See* Mot. 11). It argues this phrase makes clear suit can only be brought in the Southern District of Florida if the Eleventh Judicial Circuit in and for Miami-Dade County, Florida does not have jurisdiction. (*See id.*).

Reading the two phrases in tandem, it becomes clear the phrase "courts of the State of Florida, County of Miami-Dade" can only refer to the state court in Miami. The key is the phrase "if, and only if, such courts do not have jurisdiction." If the phrase "courts of the State of Florida" encompasses the District Court for the Southern District of Florida in Miami, then the phrase "if, and only if, such courts do not have jurisdiction" becomes nonsensical. It would essentially require the clause to read:

> Any action must be brought in either the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida or the Miami Division of the United States District Court for the

Southern District of Florida, and if, and only if, such courts do not have jurisdiction, in the United States District Court for the Southern District of Florida.

But of course, this would mean the parties must bring an action in the District Court for the Southern District of Florida only if the District Court for the Southern District of Florida, Miami Division, does not have jurisdiction. Such a reading renders the "if, and only if" clause meaningless, as the Southern District of Florida cannot simultaneously have and not have jurisdiction.

For this reason, both *Global* and *Stateline* are distinguishable. In *Global*, the court found the phrase "Venue shall be in Broward County, Florida" ambiguous because it could encompass the Seventeenth Judicial District of Florida and the Fort Lauderdale Division of the Southern District of Florida. 378 F.3d at 1272. Similarly, the *Stateline* court held the phrase "courts of the State of Florida" could encompass both state and federal courts in Florida. 148 Fed.Appx. at 771. Here, in contrast, the "if, and only if" clause makes it absurd to read the phrase "courts of the State of Florida, County of Miami-Dade" to include the Miami Division of the Southern District of Florida. *Cf. Cornett v. Carrithers*, 465 Fed.Appx. 841, 843 (11th Cir. 2012) (per curiam) (finding clause "venue shall be in Suwannee County[,] Florida" to mandate suit in state court despite Suwannee County being within the region served by the Jacksonville Division of the Middle District because no federal court sits in Suwannee County (alteration in original)). Accordingly, the clauses clearly provide for exclusive venue in the Eleventh Judicial Circuit in and for Miami-Dade County, Florida.[5]

 Moving on, the clauses are mandatory. Both the Settlement Agreement and the Note state any action *"must* be brought" in the courts of the State of Florida. (Settlement Agreement § 10(d) (emphasis added); *see also* Note § 5(b)). The term "must," like the term "shall," is language of requirement. *See Slater v. Energy Servs. Grp. Int'l, Inc.*, 634 F.3d 1326, 1330 (11th Cir.2011) ("[T]he use of the term 'shall' is one of requirement." (alteration added)). This language differs from those clauses the Eleventh Circuit has found merely permissive. *See Stateline*, 148 Fed.Appx. at 771 (finding language "the parties to this Agreement specifically consent to the jurisdiction of the Courts of the State of Florida" permissive); *Wai v. Rainbow Holdings*, 315 F.Supp.2d 1261, 1272 (S.D.Fla.2004) (finding language the parties "submit [to] the jurisdiction of the Courts of Singapore" permissive (alteration in original; bold omitted)).

Plaintiff again relies on *Global* to argue the clauses are permissive. (*See* Resp. 5–6). In *Global*, the court appeared to find the clause at issue permissive, despite the inclusion of "shall," because the provision did not designate a particular forum. *See Global*, 378 F.3d at 1272.[6] Even assuming

---

5. Because the clauses are unambiguous, the Court does not reach Plaintiff's argument the clauses should be construed against the drafter. (*See* Resp. 7–8).

6. It is somewhat unclear whether the *Global* court held the clause permissive because it did not specify any particular forum or whether it simply held suit in the Southern District of Florida satisfied the clause because the contract language included both the state and federal courts in Broward County. *See Global*, 378 F.3d at 1272. More recent Eleventh Circuit precedent has found a similar clause mandatory. *Slater*, 634 F.3d at 1330 ("Based on a plain reading of the clause, we conclude that the forum designation in the clause ['all claims or causes of action ... shall be brought in a court in the City of Richmond, Virginia'] is not permissive, but mandatory." (alteration added)).

*Global* so held, its finding was premised on the venue selection clause reasonably encompassing both the state and federal courts in Broward County. *See id.* Here, as discussed, the phrase "courts of the State of Florida, County of Miami-Dade" cannot be read to include both the state and federal courts in Miami, rendering *Global* inapposite.[7]

 Finally, the Court must balance both the convenience of the parties and various public-interest considerations in determining whether to dismiss for *forum non conveniens. See Atlantic Marine*, 134 S.Ct. at 581. Plaintiff argues private and public considerations weigh against dismissal. (*See* Resp. 9–11). The problem, however, is Plaintiff premises his argument on the Court finding the clauses at issue permissive rather than mandatory. (*See id.* 10).

As stated, the Court analyzes motions to dismiss for *forum non conveniens* differently when there is a valid, mandatory venue selection clause. *See Atlantic Marine*, 134 S.Ct. at 581. First, "a valid forum-selection clause [should be] given controlling weight in all but the most exceptional cases." *Id.* (alteration in original; internal quotation marks and citation omitted). Second, "the plaintiff's choice of forum merits no weight," and he "bears the burden of establishing that transfer to

the forum ... is unwarranted." *Id.* (alteration added). Third, the Court is to ignore the parties' private interests and only consider public interest factors. *See id.* at 582. Public interest factors "will rarely defeat a transfer motion, [and] the practical result is that forum-selection clauses should control except in unusual cases." *Id.* (alteration added).

Plaintiff fails to meet his burden to establish transfer is unwarranted. The Court does not consider Plaintiff's discussion of the parties' private interests. And Plaintiff does not explain how the public interest factors weigh in his favor, instead choosing to distinguish a case on which Defendant relies. (*See* Resp. 11).

The public interest factors are either neutral or favor Florida's state courts. Defendant asserts, and Plaintiff does not dispute, both the Southern District of Florida and the state trial courts in Miami are busy, and thus the administrative difficulties flowing from court congestion do not cut one way or the other. (*See* Mot. 12). Other interests, such as having localized controversies decided at home and by a court "at home with the law," *Atlantic Marine*, 134 S.Ct. at 581 n. 6 (citation omitted), favor the state courts. The Defendant's members are residents of the State of Florida (*see* Declaration of Thomas Lindner [ECF No. 8-1]), and the Set-

---

7. Plaintiff also argues a plain reading of the clauses allows the parties to "enforce the Note in any of the four district courts located in the Southern District of Florida" and thus "fails to designate an exclusive forum for litigation." (Resp. 6 (bold and underline omitted)). This argument fails to persuade. Plaintiff cites no case to support his assertion designating a single court, such as the Southern District of Florida, without specifying which specific courthouse within the district, renders a venue designation nonexclusive. In fact, the Eleventh Circuit has found a clause requiring suit to be brought in a court in the City of Richmond, Virginia, mandatory, *i.e.*, to "dictate an exclusive fo-

rum." *Slater*, 634 F.3d at 1330 (citation omitted). Just as the phrase "Venue shall be in Broward County," *Global*, 378 F.3d at 1272, could mean the state and federal courts in Broward, the courts of the City of Richmond, Virginia could encompass both the Thirteenth Judicial Circuit of Virginia, Richmond Circuit Court and the United States District Court for the Eastern District of Virginia. *See* Virginia's Judicial System, http://www.courts.state.va.us/courts/gd/ Richmond-Civil/home.html (last visited Sept. 29, 2016); 28 U.S.C. § 127 ("Court for the Eastern District [of Virginia] shall be held at ... Richmond." (alterations added)).

tlement Agreement and Note are governed by Florida substantive law (*see* Settlement Agreement § 10(c); Note 5(a)). Plaintiff has not shown this is the exceptional case where a forum selection clause should be disregarded.

## IV. CONCLUSION

For the foregoing reasons, it is

**ORDERED AND ADJUDGED** that Defendant's Motion [**ECF No. 12**] is **GRANTED.** The Complaint [**ECF No. 1**] is **DISMISSED without prejudice.** The Clerk is directed to **CLOSE** this case, and all pending motions are **DENIED as moot.**

**DONE AND ORDERED** in Miami, Florida, this 3rd day of October, 2016.