FLOYD, Circuit Judge,
concurring in part and concurring in the judgment:
I fully join all except Part III. A of Judge Trader’s well-reasoned opinion. Although I agree with my colleagues’ conclusion that the forum-selection clause at issue forecloses removal to federal court in this case, I do. not agree that removal would have been proper if a federal court had been physically located in the county, and I would not have reached that question in this case. Therefore, I concur in part and concur in the judgment, but respectfully write separately. as to Part III.A.
I.
Saber Healthcare Holdings, LLG, and its subsidiaries own and operate dozens óf assisted living facilities and nursing homes. Three current and former residents of the Franklin Manor Assisted Living Center (“Franklin Manor”) filed this putative class action, alleging breach of contract and unfair trade practices arising from defendants’ alleged failure to comply with their contractual and statutory obligations to provide services meeting the needs of the residents at Franklin Manor and .two other facilities.
Each facility enters into a residency agreement with their respective residents, including the named plaintiffs in this case. Each agreement contains the same language. The forum-selection clause, in pertinent part, reads as follows:
This Agreement shall be construed in accordance with the laws of the State of North Carolina, and the county in which the Facility' is located shall be the sole and exclusive venue for any dispute between the parties, including, but not limited to, litigation, special proceeding, or *683 other proceeding between the parties that may be brought, arise out of:or in connection with or by reason of .this Agreement.
J.A. 160, The plaintiffs 'filed this action in Franklin County Superior Court pursuant to the Franklin Manor agreement—Franklin Manor is located in Franklin, County, North Carolina. The defendants then filed a notice of removal with the Eastern .District of North Carolina. Plaintiffs then filed a motion to. remand the case to Franklin County Superior Court, contending that the forum-selection clause in Franklin Manor’s residency agreement barred removal. The district court granted the motion to remand, holding, as relevant here, that defendants waived their right to removal because the. forum-selection clause “limits jurisdiction to the state courts in Franklin County, North Carolina.” J.A. 278. Defendants now appeal that determination. . ,
n.
The venue selection clause at issue , in this case states that “the county in which the Facility is located shall be the sole and exclusive venue for any dispute between the parties .... ” J.A, 160. The majority opinion holds that this language creates a geographic limitation such, that removal to federal court would be permissible if a federal courthouse were physically located within the county. I respectfully disagree.
I first note that it was unnecessary for my colleagues to reach this question, and I would not have done so. As the majority notes, there is no federal courthouse physically located in Franklin. County. It is sufficient under these facts to narrowly hold •that the plain language of the forum-selection clause at issue clearly limits venue to the county and not to courts that have jurisdiction over the county, as Saber requests. It is. unnecessary to define whether this limitation to “county” is one of geography or sovereignty because either way, removal is precluded here, resolving the issue squarely before the court.
Having reached-the question, however, I respectfully disagree with the majority’s conclusion that removal would be permitted if a- federal court were physically located in Franklin County. In my view, the majority opinion fails to consider the nuanced differences between this nontract’s language and that of those to which it analogizes.
As the majo'rity opinion explains, this Court’s decision in FindWhere describes how different clauses discussing venue in terms' of ’a state are commonly interpreted as creating either a'geographic or sovereignty limitation on venue.
[Fjorum selection clauses that use the term ‘in [a state]’ express the parties’ intent as a.matter of geography, permitting jurisdiction in both, the state-and federal courts, of the named state, whereas forum selection clauses that use the term ‘of [a state]’ connote sovereignty, limiting jurisdiction over the parties’ dispute to the state courts of the named state..

FindWhere Holdings, Inc. v. Sys.. Env’t Optimization, LLC, 626 F.3d 752, 755 (4th Cir. 2010) (second and third alteration in original) (quoting Doe 1 v. AOL, LLC, 552 F.3d 1077, 1082 (9th Cir. 2009)); see also Dixon v. TSE Int'l Inc., 330 F.3d 396, 398 (5th Cir. 2003) (per curiam) (holding that the contract language “[t]he Courts of Texas, U.S.A., shall have jurisdiction” precluded federal jurisdiction by explaining that “[flederal district courts may be in Texas, but they are not of Texas” (emphasis in original)).
Several of. our sister circuits have applied the same reasoning to conclude that a forum-selection clause that sets venue “in” a county creates a.geographic limita *684 tion such that venue is permitted in any state or federal court located within that county. See, e.g., Simonoff v. Expedía, Inc., 643 F.3d 1202, 1207 (9th Cir. 2011) (“[W]e hold that a forum selection clause that vests ‘exclusive jurisdiction and venue’ in the courts ‘in’ a county provides venue in the state and federal courts located in that county.” (emphasis added)); Yakin v. Tyler Hill Corp., 566 F.3d 72, 76 (2d Cir. 2009) (interpreting the clause “venue ... shall be in Nassau County, New York,” as permitting venue in state or federal court within the county (emphasis added)); All. Health Grp., LLC v. Bridging Health Options, LLC, 553 F.3d 397, 398, 400 (5th Cir. 2008) (interpreting “venue ... shall occur in Harrison County, Mississippi,” and stating that “the clause at hand, providing for venue in a specific county, permits venue in either federal or state court, because a federal courthouse is located in that county” (emphasis in original omitted) (emphasis added)); Glob. Satellite Commc’n Co. v. Starmill U.K., Ltd., 378 F.3d 1269, 1272, 1274 (11th Cir. 2004) (construing the contract provision “Venue shall be in Broward County” as permitting venue in the state or federal court within the county because the provision “does not designate any particular forum” (emphasis added)). But see Excell, Inc. v. Sterling Boiler & Mech., Inc., 106 F.3d 318, 321 (10th Cir. 1997) (interpreting the clause “venue shall lie in the County of El Paso,'Colorado,” as creating a sovereignty limitation on venue to state courts (emphasis added)).
The majority’s opinion relies on these interpretations of forum-selection clauses that set venue “in” a county to conclude that this clause creates a geographic limitation that would permit venue in a federal court within the county, if such court existed. However, the forum-selection clause at issue here—stating that “the county ... shall be the sole and exclusive venue”—is missing the operative word “in” that triggers a geographic limitation. J.A. 160. Thus, the majority opinion implicitly concludes that the phrase “venue shall be in the county” is materially the same as the phrase “the county shall be the venue.”
■ I hesitate to disregard the omission of this operative word. See Maersk Line, Ltd. v. United States, 513 F.3d 418, 423 (4th Cir. 2008) (citations omitted) (“[I]n contractual disputes, every word is important.”). The Fifth Circuit seems to share this hesitation. In Alliance Health Group, the Fifth Circuit held that the clause “venue ... shall occur in Harrison County, Mississippi,” created a geographic limitation such that the clause permitted venue in any federal or state court located within that county. All. Health Grp., 553 F.3d at 401 (emphasis in original). In doing so, however, the court expressly acknowledged that a clause’s inclusion of the phrase “shall be” and omission of the operative “in” may create a sovereignty limitation rather than merely a geographic one. Id. The court stated that “[t]he clause at issue does not state that venue shall be some county, which might have suggested an intent to limit venue to a single tribunal. On the contrary it merely says that venue shall exclusively occur in Harrison County, a niarkédly less specific construction.” Id. (emphasis' in' original). Consequently, I disagree with the majority’s presumption that the clause at issue here is materially the same as those that set venue “in” a particular county.
In my view, the better approach is to look at the plain meaning of the language in this clause, and interpret the parties’ intentions in stating that the county shall be the sole and exclusive venue for litigating disputes. In doing so, I am persuaded that this clause limits venue to state courts located in Franklin County. First, I believe using “county” to describe the venue more likely indicates an intent for the parties to *685 litigate in state courts. In Excell, the Tenth Circuit reasoned that the plain meaning of stating venue in terms of a county implied the exclusive use of county courts, i.e., state courts, and thus created a sovereignty limitation because “[f|or federal court purposes, venue is not stated in terms of ‘counties.’ Rather, it is stated in terms of ‘judicial districts.’” Excell, 106 F.3d at 321 (citing 28 U.S.C. § 1391). The North Carolina state court system—unlike the federal court system—is discussed in terms of counties, lending further support to the position that the use of “county” implies venue in the state’s county courts alone. See, e.g., N.C. Gen. Stat. § 1-82 (setting venue “[i]n all other cases ... in the county in which the plaintiffs or the defendants, or any of them, reside at its commencement”); J.A. 209 (state court judge explaining that he had “gotten commissioned by the chief justice to hold this hearing in Wake County even though it’s a Franklin County case”). Although the majority concludes that “[t]he operation of the North Carolina court system thus provides no basis for ignoring the plain language of the forum selection clause,” I submit that it informs our interpretation of the plain language of this clause as limiting venue to state courts.
Additionally, we construe ambiguous provisions in contracts against the drafters. See Maersk Line, 513 F.3d at 423 (“The basic contract law principle contra proferentem counsels that we construe any ambiguities in the contract against its draftsman.” (citation omitted)); Glob. Satellite Comme’n Co. v. Starmill U.K., Ltd., 378 F.3d 1269, 1271-72, 1274 (11th Cir. 2004) (“tWJhen ordinary contract principles fail to elucidate a single reasonable interpretation for an ambiguous provision, and instead the provision is subject to opposing, yet reasonable interpretation,” “rather than strain to find that one should prevail over another, we must simply eon-strue it against ... the drafter.”) (internal quotation marks & citations omitted). Here, Saber drafted the contract, and the plaintiffs assert that removal is improper because venue in federal court was waived under the forum-selection clause. To the extent that this clause is ambiguous as to whether it creates a geographic or sovereignty limitation on venue, we are compelled to construe the words against Saber and hold that the clause precludes removal. See id.

With these considerations in mind, I believe this forum-selection clause should be interpreted to set venue in the state court system, and would hold as much.
III.
For the reasons discussed above, therefore, I would hold that this clause precludes removal in this case based on the use of the phrase “the county.” If I reached the broader question of whether this clause permits removal when a federal courthouse is physically located in the county—which I believe can be avoided under the facts of this case—I would hold that the clause limits venue to state courts.