[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-13794

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 8, 2011
JOHN LEY
CLERK

D. C. Docket No. 09-00208-CV-SCB-EAJ

MINDY SLATER,

Plaintiff-Appellant,

versus

ENERGY SERVICES GROUP INTERNATIONAL INCORPORATED,
a.k.a. ESG International, Inc.,

Defendant-Appellee,

PROGRESS ENERGY SERVICE COMPANY, LLC.,
A subsidiary of Progress Energy, Inc., et al.,

Defendants.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(March 8, 2011)

Before DUBINA, Chief Judge, MARTIN and HILL, Circuit Judges.

DUBINA, Chief Judge:

Appellant Mindy Slater appeals from the dismissal of her claims brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*. (Title VII), the Florida Civil Rights Act of 1992, Fla. Stat. § 760.01, *et seq*. (FCRA), and the Florida Whistleblower Act, Fla. Stat. § 448.102 (FWA), against Energy Services Group International (ESGI), her former employer. Slater claims that the district court erred by dismissing her claims for improper venue based on a forum-selection clause found in her employment agreement. She contends the clause is not mandatory, does not apply to her claims, or, alternatively, should not be enforced for public policy reasons. She also contends that the district court erred in dismissing her claims pursuant to Federal Rule of Civil Procedure 12(b)(3) rather than analyzing ESGI's venue objections under 28 U.S.C. § 1404(a), the federal transfer-of-venue statute. After a careful review of the record and having the benefit of oral argument, we affirm the district court's judgment of dismissal.

**I.**

On May 14, 2006, Slater signed an employment agreement with ESGI, which set the terms and conditions of her employment. The agreement stated that Slater was an at-will employee and included the following forum-selection clause:

"The parties agree that all claims or causes of action relating to or arising from this Agreement shall be brought in a court in the City of Richmond, Virginia." The agreement also included a choice of law provision designating Virginia law as controlling and stated that the agreement "constitutes the sole and entire agreement" between Slater and ESGI.

Shortly after hiring Slater, in July 2006, ESGI staffed Slater at Progress Energy Service Company's nuclear plant facility in Crystal River, Florida, where she worked as a receptionist and later as a healthcare technician. At all relevant times, ESGI, Progress Energy, and Florida Power Corporation jointly employed Slater.[1] In late January 2007, several months after beginning her position at the Progress Energy plant, Slater informed her immediate supervisor that she was pregnant. Around this time, the Human Resource Manager informed Slater of performance concern and specifically noted the amount of time Slater had taken off work. In February 2007, Slater was terminated for performance concerns after her supervisor accused Slater of making an error in a physical examination of a crane operator.

---

[1]Progress Energy and Florida Power are also Defendants in the underlying suit, but are not involved in this appeal.

On February 9, 2009, Slater filed her complaint against ESGI and the other Defendants in the Middle District of Florida, alleging violations of Title VII, the FCRA, and the FWA. Specifically, Slater alleged that the Defendants unlawfully terminated her employment after she announced that she was pregnant. She also alleged that she was fired in retaliation for objecting to the Defendant's unlawful conduct.[2] Slater attached her Notice of Right to Sue letter from the Equal Employment Opportunity Commission (EEOC) to the complaint. The EEOC notice, dated January 6, 2009, indicated that Slater had ninety days from that date to sue based on her Title VII claim.

On March 12, 2009, ESGI filed a motion to dismiss for improper venue under Federal Rule of Civil Procedure 12(b)(3) based on the forum-selection clause contained in the employment agreement. ESGI asked, alternatively, that the district court transfer the case to the United States District Court for the Eastern District of Virginia, Richmond Division, the only federal venue permitted by the employment contract. On March 30, 2009, the remaining two Defendants answered the complaint and conceded the propriety of venue in the Middle District of Florida. On April 15, 2009, the district court granted ESGI's Rule 12(b)(3)

---

[2]The unlawful conduct involved Slater's allegation that one or more of the Defendants awarded an employee a passing score on an eye examination that Slater claims she administered and witnessed the employee cheating.

motion and dismissed the claims against ESGI without prejudice. The court reasoned that because the Defendants who were not parties to the agreement containing the forum-selection clause had already answered the complaint and admitted proper venue, it was not inclined to transfer the case as a whole. The district court granted Slater's Federal Rule of Civil Procedure Rule 54(b) motion to appeal.

## II.

This court reviews a district court's construction of a contractual forum-selection clause *de novo*. *Global Satellite Commc'n Co. v. Starmill U.K. Ltd.,* 378 F.3d 1269, 1271 (11th Cir. 2004). We generally review the dismissal of a lawsuit for improper venue under an abuse of discretion standard. *Home Ins. Co. v. Thomas Indus., Inc.,* 896 F.2d 1352, 1355 (11th Cir. 1990). However, where venue is established by contract in a forum-selection clause, we review the enforceablitity of that venue selection, like any other contract provision, on a *de novo* basis. *Rucker v. Oasis Legal Finance, LLC.,* ___ F.3d___, 2011 WL 476519 (11th Cir. 2011).

## III.

Slater challenges three aspects of the district court's dismissal. First, she argues that the district court erred in finding that the scope of the forum-selection

clause includes her claims against her employers for employment discrimination.

Second, Slater argues that the district court erred in enforcing the forum-selection clause in the face of adverse policy interests. Finally, Slater argues that the district court erred in dismissing her case pursuant to Rule 12(b)(3) and should have instead applied the transfer analysis under 28 U.S.C. § 1404(a).

## A. Scope of the Forum-Selection Clause

Slater first contends that her Title VII and Florida statutory claims do not fit within the scope of the employment agreement's forum-selection clause. She presents a number of only slightly varied arguments in support of her contention, but principally argues that the forum-selection clause should be read to encompass only breach-of-contract claims directly relating to the employment agreement. Because her claims are statutorily based, she argues the forum-selection clause does not apply.

Under general contract principles, the plain meaning of a contract's language governs its interpretation. *Belize Telecom, Ltd. v. Belize*, 528 F.3d 1298, 1307 & n.11 (11th Cir. 2008). The court must look at the contract as a whole, the parties, and the purpose of the agreement to best determine the intent of the parties in interpreting the agreement. *Pennzoil Co. v. F.E.R.C.*, 645 F.2d 360, 388 (5th

Cir. 1981).[3] If no other contract principles point to a particular meaning, the court will prefer the reasonable interpretation that operates more strongly against the party who drafted the document. *Global Satellite*, 378 F.3d at 1271 (citing *Citro Fla., Inc. v. Citrovale, S.A.*, 760 F.2d 1231, 1232 (11th Cir. 1985)).

This court and others often characterize forum-selection clauses as either "permissive" or "mandatory." *Id.* at 1272. "A permissive clause authorizes jurisdiction in a designated forum but does not prohibit litigation elsewhere," whereas "[a] mandatory clause . . . 'dictates an exclusive forum for litigation under the contract.'" *Id*. (quoting *Snapper, Inc. v. Redan*, 171 F.3d 1249, 1262 n.24 (11th Cir. 1999)).

The forum-selection clause states that "all claims or causes of action relating to or arising from this Agreement shall be brought in a court in the City of Richmond, Virginia." Based on a plain reading of the clause, we conclude that the forum designation in the clause is not permissive, but mandatory. As we have recognized, the use of the term "shall" is one of requirement. *Id*. at 1272 ("The contract provision . . . because it uses the imperative 'shall,' is most reasonably interpreted to mandate venue . . . ."). Thus, we hold that the claims within the

---

[3]In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981), this court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

scope of the forum-selection clause must be brought in a court in Richmond, Virginia, and not in the District Court for the Middle District of Florida.

We also conclude that Slater's claims fall squarely within the scope of the forum-selection clause. The clause is found in Slater's contract for employment, which governs the entirety of the employment relationship between Slater and ESGI. The clause is expressly applicable to "all claims or causes of action relating to or arising from [the employment agreement]." This includes all claims arising "directly or indirectly" from the relationship evidenced by the contract. *See Stewart Org., Inc. v. Ricoh Corp.*, 810 F.2d 1066, 1070 (11th Cir. 1987), aff'd, 487 U.S. 22, 108 S. Ct. 2239 (1988). Slater claims that ESGI violated its employment obligations by discriminating and retaliating against her. Therefore, we conclude that Slater's Title VII, FCRA, and FWA claims are within the scope of the forum-selection clause.

## B. Enforceability of the Forum-Selection Clause

Slater next argues that the forum-selection clause should not be applied to her claims brought pursuant to Title VII, FCRA, and FWA for public policy reasons. On appeal, Slater offers three policy arguments against enforcement of the forum-selection clause: the policy against depriving plaintiffs of their day in

court, the policy against the maintenance of parallel proceedings, and the policy against enforcing forum-selection clauses in civil rights actions.

Mandatory forum-selection clauses are "presumptively valid and enforceable" absent a "strong showing that enforcement would be unfair or unreasonable under the circumstances." *Krenkel v. Kerzner Int'l Hotels Ltd.*, 579 F.3d 1279, 1281 (11th Cir. 2009) (internal quotation marks and citation omitted). "A forum-selection clause will be invalidated when: (1) its formation was induced by fraud or overreaching; (2) the plaintiff would be deprived of its day in court because of inconvenience or unfairness; (3) the chosen law would deprive the plaintiff of a remedy; or (4) enforcement of the clause would contravene public policy." *Id.*

Slater raised only two policy arguments in the district court: that enforcement of the forum-selection clause deprives her of her day in court and violates this court's policy against the maintenance of parallel proceedings. Slater argues that enforcement of the forum-selection clause in this case effectively denies her an opportunity to present her claim because her ninety-day period for filing her Title VII claim has expired. Therefore, she argues, it is doubtful that she will be able to refile her Title VII claim against ESGI in the Eastern District of Virginia. Slater also argues that the court should decline to enforce the forum-

9

selection clause because it will result in parallel proceedings—one in the Eastern District of Virginia against ESGI and one in the Middle District of Florida against Progress Energy and Florida Power. Slater argues that maintaining two proceedings is expensive, a drain on judicial resources, and may result in inconsistent results or prejudice to her claims if the Defendants each try to cast liability on an absent party.

Slater's original policy arguments are not sufficient to establish the "strong showing" of unenforceability required to overcome the presumption that a forum-selection clause is valid and enforceable. First, Slater offers little more than speculation that she may be unable to refile her claims against ESGI in the Eastern District of Virginia; such speculation falls short of meeting her burden of showing unenforeability. Further, we conclude that many of the dangers associated with maintaining parallel proceedings are not implicated here. Slater has alleged that ESGI employed her as a staffing employee and as part of its business operations assigned her to work at Progress Energy's plant facility as a receptionist/healthcare technician for the other Defendants. The evidentiary details regarding the employment relationship between Slater and ESGI and between Slater and the other Defendants will not considerably overlap. Because ESGI employed Slater in a different manner and made its termination decision

10

based on the reports from the other Defendants, the factual issues surrounding Slater's employment through ESGI will vary from the factual questions regarding Slater's employment with the other Defendants. Thus, separating the claims against ESGI while Slater's claims against the remaining two Defendants are handled together does not implicate any danger typically associated with the maintenance of parallel proceedings.

For the first time on appeal, Slater presents a third policy argument against enforcement of the forum-selection clause: forum-selection clauses are unenforceable as a matter of law in civil-rights actions. Appellate courts generally will not consider a legal issue that was not presented to the trial court. *Dean Witter Reynolds, Inc. v. Fernandez*, 741 F.2d 355, 360 (11th Cir. 1984). We have recognized several exceptions to this rule, including where (1) the issue involves a pure issue of law and refusal to consider it would result in a miscarriage of justice; (2) the appellant did not have the opportunity to raise the issue to the district court; (3) substantial justice is at stake; (4) the proper resolution is beyond any doubt; and (5) the issue presents significant questions of great public concern. *Id*. at 360–61. Because we are persuaded that the exceptions are not applicable to Slater's argument, we decline to consider it for the first time on appeal.

### C. Dismissal Pursuant to Rule 12(b)(3)

Finally, Slater contends that the district court abused its discretion by dismissing her claims for improper venue pursuant to Rule 12(b)(3) rather than applying the transfer analysis under 28 U.S.C. 1404(a).[4] Slater claims that because § 1404(a) is the only proper procedural mechanism for enforcing a forum-selection clause which designates venue in another United States District Court, the district court erred by applying Rule 12(b)(3) instead of § 1404(a).

Our sister circuits disagree regarding the appropriate vehicle for enforcing forum-selection clauses. *Lipcon v. Underwriters at Lloyd's, London*, 148 F.3d 1285, 1289 (11th Cir. 1998) (recognizing circuit split); *see e.g.*, *Kerobo v. Sw. Clean Fuels, Corp.*, 285 F.3d 531, 539 (6th Cir. 2002) (holding that the proper analysis is under 28 U.S.C. § 1404(a)); *Richards v. Lloyd's of London*, 135 F.3d 1289, 1292 (9th Cir. 1998) (applying Rule 12(b)(3) to an international forum-selection clause); *Lambert v. Kysar*, 983 F.2d 1110, 1112 n.1 (1st Cir. 1993) (applying Rule 12(b)(6)); *AVC Nederland B.V. v. Atrium Inv. P'ship*, 740 F.2d 148, 153 & n.8 (2d Cir. 1984) (applying Rule 12(b)(1) to an international forum-selection clause).

---

[4] Section 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a) (1996).

This court has held, in the context of a forum-selection clause which mandated a foreign venue, that a motion pursuant to Rule 12(b)(3) is the proper avenue for relief. *Lipcon*, 148 F.3d at 1289. In *Lipcon*, this court decided that "motions to dismiss based upon forum-selection clauses ordinarily are not properly brought pursuant to Rule 12(b)(1) . . . because the basis upon which the defendants seek dismissal—namely, that the agreement of the parties prohibit the plaintiff from bringing suit in the particular forum—is unrelated to the actual basis of federal subject matter jurisdiction . . . ." *Id.* Instead, we concluded that a motion pursuant to Rule 12(b)(3) is the proper vehicle to request dismissal of a complaint on the basis of a contractual choice of forum. *Id.* at 1290. We further supported our holding with the Supreme Court's holding in *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 25–32, 108 S. Ct. 2239–45 (1988), that 28 U.S.C. § 1404(a) controls the request of a party to give effect to a contractual forum-selection clause by transferring the action. Specifically, the court noted: "the [*Ricoh*] Court's conclusion that the federal transfer-of-*venue* statute governs district court decisions in enforcing forum-selection clauses provides support for our view that motions to dismiss based upon forum-selection clauses are cognizable as motions to dismiss for improper venue." *Lipcon*, 148 F.3d at 1290 (emphasis in original).

13

Slater attempts to distinguish *Lipcon* and contends that Rule 12(b)(3) dismissal is available as an enforcement mechanism only in cases where the forum-selection clause at issue designates venue in a foreign country; otherwise, she contends the party seeking enforcement of a domestic forum-selection clause must request a transfer to the proper venue pursuant to § 1404(a). We disagree that *Lipcon* should be read so narrowly. Underlying our reading of *Stewart* and our holding in *Lipcon* is the view that courts must handle attempts to enforce contractual forum-selection clauses as challenges to venue. In *Stewart*, the issue on appeal concerned only the denial of the request to transfer venue, while in *Lipcon* the defendant sought relief through dismissal. Accordingly, we conclude that § 1404(a) is the proper avenue of relief where a party seeks the transfer of a case to enforce a forum-selection clause, while Rule 12(b)(3) is the proper avenue for a party's request for dismissal based on a forum-selection clause. Thus, the district court did not err in analyzing ESGI's motion under Rule 12(b)(3) and dismissing Slater's claims for improper venue.

## IV.

For the aforementioned reasons, we hold that the district court did not err in dismissing Slater's claims against ESGI for improper venue based on the forum-

selection clause contained in her employment agreement. Accordingly, we affirm the district court's judgment of dismissal.

**AFFIRMED.**