[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No.  11-11668
_____

D.C. Docket No. 3:08-cv-01062-TJC-JRK

BAHAMAS SALES ASSOCIATE, LLC,

Plaintiff-Counter Defendant-
Appellee,

versus

DARRYL WILLIS,

Defendant-Counter Claimant-
Appellant,

versus

GINN FINANCIAL SERVICES, LLC,
BAHAMAS SALES ASSOCIATE LLC,
GINN TITLE SERVICES, LLC, and
EDWARD R. GINN, III,

Counter Defendants-Appellees.
_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(December 5, 2012)

Before HULL, MARCUS and COX, Circuit Judges.

PER CURIAM:

The district court dismissed for improper venue Darryl Willis's counterclaim. The court held that Willis's counterclaim falls within the scope of a forum-selection clause which specifies that venue is proper only in the Bahamas. The court then applied the doctrine of equitable estoppel to allow the Counterclaim Defendants (all of which are nonsignatories to the contract containing the Bahamian forum-selection clause) to invoke the clause. Willis appeals the dismissal. We reverse and remand.

## I. Facts and Procedural History[1]

Darryl Willis purchased a lot in the Ginn Sur Mer subdivision on Grand Bahama Island in the Bahamas from Ginn-LA West End Limited (Ginn-LA). The parties signed a lot purchase contract that contains a forum-selection clause and a choice-of-law clause which requires that all disputes be litigated in the Bahamas under Bahamian law. Specifically, the forum-selection clause provides:

---

[1] Willis's second amended counterclaim is the relevant pleading; because this appeal is before us at the motion to dismiss stage, our recitation of the facts comes from Willis's second amended counterclaim. Additionally, because we treat a dismissal based on a forum-selection clause as a question of proper venue under Federal Rule of Civil Procedure 12(b)(3), *Lipcon v. Underwriters at Lloyd's, London*, 148 F.3d 1285, 1290 (11th Cir. 1998), we also look to evidence outside the pleading, like the lot purchase contract and the mortgage note, *Estate of Myhra v. Royal Caribbean Cruises, Ltd.*, 695 F.3d 1233, 1239 & n.22 (11th Cir. 2012).

2

> [T]he courts of the Commonwealth ("Commonwealth Courts") will be the venue for any dispute, proceeding, suit or legal action concerning the interpretation, construction, validity, enforcement, performance of, or related in any way to, this Contract or any other agreement or instrument executed in connection with this Contract. In the event any such suit or legal action is commenced by any party, the other parties agree, consent, and submit to the personal jurisdiction of the Commonwealth Courts with respect to such suit or legal action. In such event, each party waives any and all rights under applicable law or in equity to object to jurisdiction or venue of the Commonwealth Courts. Such jurisdiction and venue shall be exclusive of any other jurisdiction and venue.

(R.3-66 Ex. 1 ¶ 22, at 14.) The choice-of-law clause reads as follows: "The local laws of the Commonwealth, without regard to the Commonwealth's choice of law rules, will exclusively govern the interpretation, application, enforcement, performance of, and any other matter related to, this Contract." (*Id.*) Only Willis and Ginn-LA signed the lot purchase contract. Willis's obligation under the lot purchase contract was not contingent on his ability to obtain financing.

After entering into the contract, Willis applied for and received mortgage financing from Bahamas Sales Associate, LLC (Bahamas Sales). The mortgage note also contained a forum-selection clause and a choice-of-law clause. The clauses require that all disputes be litigated in Florida under Florida law. The relevant provision states:

> This Note and the rights and obligations of Borrower and Lender shall be governed by and interpreted in accordance with the law of the State of Florida. In any litigation in connection with or to enforce this Note

3

or any endorsement or guaranty of this Note or any loan documents, obligors, and each of them, irrevocably consent to and confer personal jurisdiction on the courts of the State of Florida or the United States located within the State of Florida and expressly waive any objections as to venue in any such courts.

(R.1-3 Ex. A ¶ 11, at 4.)   Only Willis and Bahamas Sales are parties to the mortgage note.

In October 2008, Bahamas Sales sued Willis in the Middle District of Florida for his failure to make payments on the mortgage note.   In response, Willis filed a counterclaim, alleging that Bahamas Sales, Ginn Financial Services, LLC (the parent company of Bahamas Sales), Edward R. Ginn, III (an officer of Bahama Sales), William McCracken (an officer of Ginn Financial Services)[2], and Ginn Title Services (together, the Mortgage Entities) participated in a scheme to produce fraudulent lot appraisals in violation of the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961–1968 (2006).[3]

Willis's counterclaim alleges that the Mortgage Entities fraudulently inflated the appraisal of his Ginn Sur Mer lot and used that inflated appraisal to set the amount on the mortgage note.  Because of the inflated appraisal, Willis alleges, he closed on the mortgage note and mortgage for an amount that far exceeded the

---

[2] William McCracken was dismissed with prejudice pursuant to a stipulation of voluntary dismissal. (R.3-80.)

[3] Specifically, Willis alleges that the Mortgage Entities violated § 1962(c) and § 1962(d).

market value of the lot.  The appraisal fraud claims are based on the assumption that if a proper appraisal was done and the lot appraised for an amount lower than its sales price, Willis would not have closed the purchase of the lot.  Further, if a proper appraisal had been done and the lot appraised for a value less than its purchase price, Willis could have simply walked away from the lot purchase contract and paid only liquidated damages for his failure to close.

The district court dismissed Bahamas Sales's breach-of-contract claim against Willis for lack of subject-matter jurisdiction.[4]  But the district court retained jurisdiction over Willis's counterclaim.

Rather than answering Willis's counterclaim, the Mortgage Entities filed a motion to dismiss asserting that venue is proper only in the Bahamas under the forum-selection clause in the lot purchase contract.  The district court agreed, holding that Willis's counterclaim falls within the scope of the lot purchase contract's forum-selection clause.  It also held that the Mortgage Entities, though not signatories to the lot purchase contract, could nevertheless enforce the forum-selection clause under the doctrine of equitable estoppel.

---

[4] Bahamas Sales had invoked the court's diversity jurisdiction, and the court found that there was not complete diversity of citizenship.

## II. Contentions of the Parties & Issues on Appeal

Willis challenges the district court's dismissal for improper venue on three grounds.  Willis asserts that: (1) Bahamas Sales agreed to venue in Florida under the mortgage note; (2) the appraisal fraud claims in the counterclaim do not fall within the scope of the lot purchase contract's forum-selection clause[5]; and (3) the Mortgage Entities, as nonsignatories to the lot purchase contract, cannot invoke the lot purchase contract's forum-selection clause.

The Mortgage Entities contend that Bahamas Sales is not bound by the forum-selection clause in the mortgage note because the note only applies to "obligors" and Willis is the only party that is obligated to perform under the note, namely by promising to repay the mortgage loan.  The Mortgage Entities also argue that the broad language of the lot purchase contract's forum-selection clause and in particular the phrase that the forum-selection clause will govern any dispute "related in any way" covers Willis's counterclaim.  And finally, the Mortgage Entities contend that the district court properly applied the doctrine of equitable

---

[5] In his brief, Willis simply argues that the complaint does not relate to the lot purchase contracts and that the district court erred by applying the "related to" analysis.  The district court only applied this "related to" analysis when it concluded that the counterclaim is subject to the lot purchase contract's forum-selection clause.  Thus, we understand Willis's argument to be that the lot purchase contract's forum-selection clause does not cover the counterclaim because the counterclaim does not relate to the lot purchase contract.

estoppel to allow them, as nonsignatories to the lot purchase contract, to enforce the lot purchase contract's forum-selection clause.

## III. Standard of Review

The enforceability of a forum-selection clause is a question of law that we review de novo. *Slater v. Energy Servs. Grp. Int'l, Inc.*, 634 F.3d 1326, 1329–30 (11th Cir. 2011). Further, whether the doctrine of equitable estoppel should apply is a question of law that we review de novo. *MS Dealer Serv. Corp. v. Franklin*, 177 F.3d 942, 946 (11th Cir. 1999).

## IV. Discussion

The issues in this case are identical to those presented in our recent decision in *Bahamas Sales Assoc., LLC v. Byers*, 11th Cir., ___ F.3d ___ (No. 11-6664, Dec. 4, 2012). Willis's argument that the mortgage note's forum-selection clause binds Bahamas Sales is foreclosed by our decision in *Byers*. Similarly, the Mortgage Entities' argument that Willis's counterclaim is within the scope of the lot purchase contract's forum-selection clause and their argument that the district court correctly applied the doctrine of equitable estoppel are foreclosed for the reasons we set forth in *Byers*.

V. Conclusion[6]

For these reasons, we hold that Bahamas Sales is not bound by the mortgage note's forum-selection clause.  Additionally, we hold that the district court erred when it determined that the appraisal fraud claims were within the scope of the lot purchase contract's forum-selection clause.  We also hold that the court erred in applying equitable estoppel to allow the Mortgage Entities (nonsignatories to the lot purchase contract) to invoke the lot purchase contract's Bahamian forum-selection clause.  Accordingly, we reverse the district court's judgment granting the motion to dismiss for improper venue and remand for proceedings consistent with this opinion.

REVERSED and REMANDED.

---

[6] To the extent that the Mortgage Entities argue that Willis failed to properly plead his RICO claims, we decline to address the argument because the district court has not yet ruled on the Fed. R. Civ. P. 12(b)(6) motion to dismiss.  We prefer to leave the issue to the district court to address in the first instance.