[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No.  11-11669
_____

D.C. Docket No. 3:09-cv-00516-TJC-JRK

EDWARD R. WEBB,
KENNETH W. LILES, et al.,

Plaintiffs-Appellants,

versus

GINN FINANCIAL SERVICES,
BAHAMAS SALES ASSOCIATE, LLC,
GINN TITLE SERVICES, LLC, and
EDWARD R. GINN, III.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(December 6, 2012)

Before HULL, MARCUS and COX, Circuit Judges.

PER CURIAM:

The district court dismissed for improper venue the Plaintiffs-Appellants' complaint. The court held that the complaint falls within the scope of a forum-selection clause which specifies that venue is proper only in the Bahamas. The court then applied the doctrine of equitable estoppel to allow the Defendants (all of which are nonsignatories to the contract containing the Bahamian forum-selection clause) to invoke the clause. The Plaintiffs-Appellants appeal the dismissal. We reverse and remand.

## I.  Facts and Procedural History[1]

Between the fall of 2006 and the summer of 2007, the Plaintiffs-Appellants (together, the Buyers)[2] purchased lots in the Ginn Sur Mer subdivision on Grand Bahama Island in the Bahamas from Ginn-LA West End Limited (Ginn-LA). The parties entered into a lot purchase contract containing a forum-selection clause and

---

[1] The Buyers' third amended complaint is the relevant pleading; because this appeal is before us at the motion to dismiss stage, our recitation of the facts comes from the Buyers' third amended complaint. Additionally, because we treat a dismissal based on a forum-selection clause as a question of proper venue under Federal Rule of Civil Procedure 12(b)(3), *Lipcon v. Underwriters at Lloyd's, London*, 148 F.3d 1285, 1290 (11th Cir. 1998), we also look to evidence outside the pleading, like the lot purchase contract and the mortgage note, *Estate of Myhra v. Royal Caribbean Cruises, Ltd.*, 695 F.3d 1233, 1239 & n.22 (11th Cir. 2012).

[2] The Buyers consist of Edward R. Webb, Kenneth W. Liles, Patricia M. Liles, James Josephson, William J. Andrews, Jr., Mark R. Roodvoets, Jon D. Andrews, Charles B. Lesesne, Jerry A. Cicolani, Jr., Kris Brenneman, Susan Kherkher, Thomas E. Lammertse, Mary L. Sipski, Ronald P. Van as trustee of the Ronald P. Van, Jr. Revocable Trust, and Kathy Jo Van, as trustee of the Kathy Jo Van Revocable Trust.

a choice-of-law clause.  The clauses require that all disputes be litigated in the Bahamas under Bahamian law.  Specifically, the forum-selection clause provides:

> [T]he courts of the Commonwealth ("Commonwealth Courts") will be the venue for any dispute, proceeding, suit or legal action concerning the interpretation, construction, validity, enforcement, performance of, or related in any way to, this Contract or any other agreement or instrument executed in connection with this Contract.  In the event any such suit or legal action is commenced by any party, the other parties agree, consent, and submit to the personal jurisdiction of the Commonwealth Courts with respect to such suit or legal action.  In such event, each party waives any and all rights under applicable law or in equity to object to jurisdiction or venue of the Commonwealth Courts.  Such jurisdiction and venue shall be exclusive of any other jurisdiction and venue.

(*See, e.g.*, R.3-39 Ex. C ¶ 22.)  The choice-of-law clause states, "The local laws of the Commonwealth, without regard to the Commonwealth's choice of law rules, will exclusively govern the interpretation, application, enforcement, performance of, and any other matter related to, this Contract."  (*Id.*)  Only the individual Buyers and Ginn-LA signed the lot purchase contract.  Each Buyer's obligation under the lot purchase contract was not contingent on his or her ability to obtain financing.

All of the Buyers except the Vans (Ronald P. Van as trustee of the Ronald P. Van, Jr. Revocable Trust and Kathy Jo Van, as trustee of the Kathy Jo Van Revocable Trust) applied for and received mortgage financing from Bahamas Sales

3

Associate, LLC (Bahamas Sales) to finance their purchase of the lot.[3]    The

mortgage notes also contain a forum-selection clause and a choice-of-law clause.

The clauses require that all disputes to be litigated in Florida under Florida law.

The relevant clauses state:

> This Note and the rights and obligations of Borrower and Lender shall
> be governed by and interpreted in accordance with the law of the State
> of Florida.  In any litigation in connection with or to enforce this Note
> or any endorsement or guaranty of this Note or any loan documents,
> obligors, and each of them, irrevocably consent to and confer personal
> jurisdiction on the courts of the State of Florida or the United States
> located within the State of Florida and expressly waive any objections
> as to venue in any such courts.

(R.4-57-1 ¶11, at 4.)  Only the Buyers (other than the Vans) and Bahamas Sales are

parties to the mortgage note.

Apparently, sometime after the Buyers purchased their lots, the real estate

market tanked.  And in June 2009, the Buyers (including the Vans) sued Bahamas

Sales, Ginn Financial Services (the parent company of Bahama Sales), William

McCracken (an officer of Ginn Financial Services)[4], Edward R. "Bobby" Ginn, III

(an officer of Bahamas Sales), and Ginn Title Services (together, the Mortgage

Entities) alleging that the defendants engaged in an appraisal fraud scheme to

---

[3] Buyers Ronald T. Van and Kathy Jo Van did not obtain financing from Bahamas Sales.

[4] William McCracken was dismissed with prejudice pursuant to a stipulation of dismissal.
(R.6-89.)

4

produce fraudulent lot appraisals in violation of the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961–1968 (2006). The Buyers allege that the Mortgage Entities violated §1962(c) and § 1962(d). The complaint seeks rescission of the mortgage notes and restitution on payments previously made on the note.

The complaint alleges that the Mortgage Entities fraudulently inflated the appraisal of their Ginn Sur Mer lots and used that inflated appraisal to set the amount on the mortgage notes.[5]  Because of the inflated appraisal, the Buyers closed on mortgage notes for amounts that far exceeded the market value of their lots. The claims are based on the assumption that if proper appraisals had been done on each lot and the lots were appraised for amounts lower than their sales prices, then the Buyers would not have closed the purchase of the lots. Further, if proper appraisals had been done and the lots appraised for amounts lower than their sales prices, the Buyers could have simply walked away from the lot purchase contracts and paid only liquidated damages for their failures to close the purchases.

---

[5] The Vans did not obtain mortgage financing for their purchase. Nevertheless, they allege that the Mortgage Entities participated in this appraisal fraud scheme and that as a result, they were harmed. (R.5-76 ¶¶ 110, 116, at 52, 53.) We need not address this anomaly because it does not change our analysis of the issues presented.

In response, the Mortgage Entities filed a motion to dismiss asserting that the lot purchase contract's forum-selection clause applies and that venue is proper only in the Bahamas.  The district court agreed, holding that the complaint falls within the scope of the lot purchase contract's forum-selection clause.  It then held that the Mortgage Entities, though not signatories to the lot purchase contract, could nevertheless enforce the forum-selection clause under the doctrine of equitable estoppel.  We reverse and remand.

## II. Contentions of the Parties & Issues on Appeal

The Buyers make three arguments on appeal:  (1) that Bahamas Sales agreed to venue in Florida under the mortgage note; (2) that the appraisal fraud claims in the complaint do not fall within the scope of the lot purchase contract's forum-selection clause[6]; and (3) that the Mortgage Entities, as nonsignatories to the lot purchase contract, cannot invoke the lot purchase contract's forum-selection clause.

The Mortgage Entities contend that Bahamas Sales is not bound by the note's forum-selection clause because the forum-selection clause only applies to

---

[6] In their brief, the Buyers simply argue that the complaint does not relate to the lot purchase contracts and that the district court erred by applying the "related to" analysis.  The district court only applied this "related to" analysis when it concluded that the complaint is subject to the lot purchase contract's forum-selection clause.  Thus, we understand the Buyers' argument to be that the lot purchase contract's forum-selection clause does not cover the complaint because the complaint does not relate to the lot purchase contract.

"obligors" under the note, which it is not.  The Mortgage Entities also argue that the broad language of the lot purchase contract's forum-selection clause covers the complaint because the complaint's allegations relate to the lot purchase contract. And finally, the Mortgage Entities contend that the district court correctly applied the doctrine of equitable estoppel to allow them, as nonsignatories to the lot purchase contract, to enforce the lot purchase contract's forum-selection clause.

## III. Standard of Review

The enforceability of a forum-selection clause is a question of law that we review de novo.  *Slater v. Energy Servs. Grp. Int'l, Inc.*, 634 F.3d 1326, 1329–30 (11th Cir. 2011).  Further, whether the doctrine of equitable estoppel should apply is a question of law that we review de novo. *MS Dealer Serv. Corp. v. Franklin*, 177 F.3d 942, 946 (11th Cir. 1999).

## IV. Discussion

The issues in this case are identical to those presented in our recent decision in *Bahamas Sales Assoc., LLC v. Byers*, 11th Cir., ___ F.3d ___ (No. 11-6664, Dec. 4, 2012). The Buyers' argument that the mortgage note's forum-selection clause binds Bahamas Sales is foreclosed by our decision in *Byers*.  Similarly, the Mortgage Entities' argument that the Buyers' complaint is within the scope of the lot purchase contract's forum-selection clause and their argument that the district

7

court correctly applied the doctrine of equitable estoppel are foreclosed for the reasons we set forth in *Byers*.

## V. Conclusion[7]

For these reasons, we hold that Bahamas Sales is not bound by the mortgage note's forum-selection clause. Additionally, we hold that the district court erred when it determined that the appraisal fraud claims were within the scope of the lot purchase contract's forum-selection clause. We also hold that the court erred in applying equitable estoppel to allow the Mortgage Entities (nonsignatories to the lot purchase contract) to invoke the lot purchase contract's Bahamian forum-selection clause. Accordingly, we reverse the district court's judgment granting the motion to dismiss for improper venue and remand for proceedings consistent with this opinion.

REVERSED and REMANDED.

---

[7] To the extent that the Mortgage Entities argue that the Buyers failed to properly plead their RICO claims, we decline to address the argument because the district court has not yet ruled on the Fed. R. Civ. P. 12(b)(6) motion to dismiss. We prefer to leave the issue to the district court to address in the first instance.