[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-15457
Non-Argument Calendar
_____

D.C. Docket No. 9:14-cv-81234-KLR


RONALD C. DENIS,

Plaintiff-Appellant,

versus

STATE FARM LIFE INSURANCE COMPANY,

Defendant-Counter Claimant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(June 17, 2016)

Before WILLIAM PRYOR, MARTIN and JILL PRYOR, Circuit Judges.

PER CURIAM:

Appellant Ronald Denis appeals the district court's award of attorney's fees

and costs for his repeated discovery violations.  After careful review, we affirm.

Denis served as counsel in the district court for Robert Krupiczer in Krupiczer's suit against Appellee State Farm Life Insurance Company ("State Farm"). Krupiczer alleged that State Farm unlawfully failed to pay proceeds from a life insurance policy on an individual named Zsolt Rado. State Farm answered that Krupiczer had not demonstrated that Rado was deceased, State Farm believed Rado to be alive, and Rado had made false representations about the source of his income on the life insurance policy application. State Farm also countersued to rescind the policy. Discovery began, and Krupiczer and Denis refused to cooperate in any of State Farm's discovery requests notwithstanding an order compelling responses to State Farm's interrogatories and requests for production. Krupiczer also failed to appear for his deposition despite State Farm's repeated attempts to contact him and Denis.

State Farm moved, pursuant to the district court's inherent authority and Federal Rule of Civil Procedure 37, to strike Krupiczer's complaint and dismiss the case, for a default judgment, and for attorney's fees. State Farm's motion contained detailed allegations regarding Krupiczer's and Denis's failure to comply with the court's discovery schedule and order on the motion to compel, as well as their failure to respond to numerous telephone calls and emails inquiring whether Krupiczer intended to pursue the action. State Farm detailed the ways in which it had expended attorney's fees and costs, including: research, issuing subpoenas and

2

reviewing subpoenaed responses, taking depositions of Rado's prior counsel, identifying local counsel in Hungary to assist in investigation and discovery, and motions practice related to the discovery violations. State Farm specifically alleged that Krupiczer's actions were in bad faith and warranted severe sanctions.

Krupiczer and Denis failed to respond to State Farm's motion despite the district court ordering them to do so. The district court granted the motion for sanctions, striking Krupiczer's pleadings, dismissing his claim, awarding State Farm a default judgment on its counterclaim, and awarding State Farm "reasonable expenses, including attorney's fees, caused by the failure" of Krupiczer and Denis to respond to discovery. Doc. 38 at 10.[1] In its order, the district court found that Krupiczer acted in bad faith, willfully noncomplying with discovery, State Farm was prejudiced, and lesser sanctions would not serve the goals of punishment and deterrence. The district court awarded State Farm attorney's fees and costs based on an affidavit State Farm's counsel submitted. Denis now appeals.

Denis argues that the district court abused its discretion by awarding the entire amount of State Farm's attorney's fees and costs rather than only those costs caused by the noncompliance with discovery. He further complains that the district court failed to explain how it calculated the amount of the award. Under

---

[1] "Doc." refers to the docket entry in the district court in this case.

3

Rule 37, when a party fails to attend its own deposition, serve answers to interrogatories, or respond to a request for inspection, "the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3).  District courts also have inherent authority to impose sanctions upon a finding of bad faith.  *Barnes v. Dalton*, 158 F.3d 1212, 1214 (11th Cir. 1998).  Ordinarily, we review for an abuse of discretion a district court's order on sanctions pursuant to Rule 37 or its inherent authority.  *Serra Chevrolet, Inc. v. Gen. Motors Corp.*, 446 F.3d 1137, 1146-47 (11th Cir. 2006) (Rule 37); *Barnes*, 158 F.3d at 1214 (inherent authority).

Here, however, Denis failed to assert in the district court the objections he now raises.  "Appellate courts generally will not consider a legal issue that was not presented to the trial court."  *Slater v. Energy Servs. Grp., Int'l*, 634 F.3d 1326, 1332 (11th Cir. 2011).  We have recognized exceptions to this rule, including:

> where (1) the issue involves a pure issue of law and refusal to consider it would result in a miscarriage of justice; (2) the appellant did not have the opportunity to raise the issue to the district court; (3) substantial justice is at stake; (4) the proper resolution is beyond any doubt; and (5) the issue presents significant questions of great public concern.

*Id.*  None of these exceptions applies here.  Because determining whether the district court was within its discretion to impose sanctions would involve an

4

inquiry into whether its fact findings had sufficient support in the record, Denis's challenges cannot involve a pure issue of law, and the proper resolution necessarily is not beyond any doubt. *See id; Stewart v. Dep't of Health & Human Servs.*, 26 F.3d 115, 116 (11th Cir. 1994) ("[T]he resolution of factual questions can never be beyond doubt."). Moreover, Denis had ample opportunity to raise his challenges to the district court; indeed, he violated an order to do so. Finally, we do not believe Denis's complaints raise issues of substantial justice or significant questions of great public concern.

For these reasons, we decline to address Denis's arguments, all of which he failed to submit to the district court for its consideration in the first instance. We affirm the district court's award of attorney's fees and costs.

**AFFIRMED.**